## 10287. GUNN v. THE STATE.

BLOODWORTH, J. 1. "'It is well settled by repeated rulings of the Supreme Court and this court that on a trial for murder, if there is anything deducible from the evidence or the defendant's statement that would tend to show manslaughter, voluntary or involuntary, it is the duty of the court to instruct the jury fully on the law of manslaughter. *Crawford* v. *State*, 12 *Ga.* 142 (6); *Jackson* v. *State*, 76 *Ga.* 473; *Wayne* v. *State*, 56 *Ga.* 113; *Bell* v. *State*, 130 *Ga.* 865 [61 S. E. 996]; *Strickland* v. *State*, 133 *Ga.* 76 [65 S. E. 148]; *Pyle* v. *State*, 4 *Ga.* *App.* 811 [62 S. E. 540].' *Cain* v. *State*, 7 *Ga. App.* 24 (65 S. E. 1069)." *Weldon* v. *State*, 21 *Ga. App.* 330 (*h*), 331 (94 S. E. 327). Applying these rulings to the facts of this case, the judge did not err in instructing the jury on voluntary manslaughter.

2. For the judge in his charge to tell the jury, "I deem it my duty to give you in charge in this case the law of voluntary manslaughter," and in another part of his charge to say, "I will first instruct you, as before stated, in the law of voluntary manslaughter in or upon a sudden heat of passion, and will later instruct you in other grades of this offense, should I deem it necessary from the evidence as understood by the court," does not amount to "an expression of opinion by the court that the case was one in which a verdict for manslaughter should have been rendered;" nor was the last-quoted excerpt from the charge erroneous because "the court did nowhere in his charge submit the other grades of voluntary [?] manslaughter, as he had in his charge stated he would do." See authorities cited in the following paragraph.

3. The charge of which complaint is made in ground 4 of the amendment to the motion for a new trial contains an abstractly correct principle of law; and "a charge which is abstractly correct is not rendered erroneous by a failure to charge some other legal principle applicable to the case." *Winn* v. *Bridges*, 144 *Ga.* 497 (3) (87 S. E. 665); *Central of Georgia Ry. Co.*, v. *Grady*, 113 *Ga.* 1045 (3) (39 S. E. 441; *Conley* v. *State*, 21 *Ga. App.* 134 (94 S. E. 261), and cases cited.

35.

4. The excerpts from the charge complained of in the remaining grounds of the motion for new trial are not, when read in connection with the entire charge, erroneous for any reason alleged.

5. No error of law appearing, and there being ample evidence to authorize the verdict, which has the approval of the trial judge, this court is powerless to interfere.

Judgment affirmed. *Broyles, P. J., and Stephens, J., concur*.

DECIDED APRIL 12, 1919.

Conviction of manslaughter; from Worth superior court—Judge Eve. December 7, 1918.

*Perry & Williamson, J. J. Forehand, E. E. Cox*, for plaintiff in error. *R. S. Foy, solicitor-general*, contra.