12189.   NEAL *v.* THE STATE.

BLOODWORTH, J.   1. The charge of which complaint is made in ground 1 of the amendment to the motion for a new trial contains an abstractly correct principle of law, and "a charge which is abstractly correct is not rendered erroneous by a failure to charge some other legal principle applicable to the case." *Gunn* v. *State,* 23 *Ga. App.* 545 (3) (99 S. E. 62), and cases cited; *Atlanta & West Point R. Co.* v. *Miller,* 23 *Ga. App.* 347 (3) (98 S. E. 248), and cases cited.

2. "In the absence of a timely and appropriate written request, the court did not err in failing to charge the jury specifically that the burden was on the State to establish the guilt of the defendant beyond a reasonable doubt. The charge of the court on the subject of a reasonable doubt

sufficiently informed the jury that that burden was on the State. *Thomas v. State*, 129 *Ga.* 419(4), (59 S. E. 246)*." Finch* v. *State*, 24 *Ga. App.* 339(2) (100 S. E. 793). This disposes of the second ground of the amendment to the motion for a new trial.

3. There was ample evidence to support the finding of the jury, which has the approval of the trial judge, and the judgment is

*Affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED APRIL 13, 1921.

Indictment for burglary; from Bibb superior court — Judge Mathews. January 5, 1921.

*B. J. Fowler, John R. Cooper, W. O. Cooper Jr.,* for plaintiff in error. *Charles H. Garrett, solicitor-general,* contra.