12242.    RALPH v. THE STATE.

BLOODWORTH, J. 1. Special grounds 4 and 5 of the motion for new trial contain each an excerpt from the charge of the court which states a correct proposition of law, and "a charge embracing an abstractly correct principle of law applicable to the case is not rendered erroneous merely because of the failure of the court to charge some other and further legal pertinent principle of law in connection therewith." *Atlanta & West Point Railroad Co.* v. *Miller,* 23 *Ga. App.* 350 (3) (98 S. E. 62), and cases cited; *Gunn* v. *State,* 23 *Ga. App.* 545 (3) (99 S. E. 62), and cases cited. Moreover, the qualifying note of the trial judge shows that there is no merit in either of these grounds.

2. Even if the alleged newly discovered evidence of Venus Shields could in any sense be called "newly discovered," it is impeaching in its character, "It is a sound and well-settled rule that a new trial will not be granted on the ground of newly discovered testimony, if the only object of the evidence be to impeach the character or credit of a witness." *Key* v. *State,* 21 *Ga. App.* 795 (95 S. E. 62), and cases cited. "The State having made a counter-showing to the alleged newly discovered evidence, this court cannot say that the trial judge abused his discretion in overruling the grounds of the motion for a new trial based on such evidence." *Crumley* v. *State,* 23 *Ga. App.* 313 (98 S. E. 230), and cases cited.

3. There was evidence sufficient to authorize the jury to return a verdict of guilty; no error of law is shown to have been committed; the judge who saw the witnesses and heard them testify was satisfied with the verdict, and so must be this court.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*<br>DECIDED MAY 11, 1921.

Indictment for receiving stolen goods; from Stewart superior court — Judge Littlejohn. January 27, 1921.

In special ground 4 of the motion for a new trial an instruction to the jury substantially in the language of section 1013 of the Penal Code (1910) is complained of on the ground that this case rests "entirely, or almost entirely, upon circumstantial evidence," and that "a strict charge on circumstantial evidence should have been given." In a note to this ground the judge stated that "the

charge will show that the court charged the law on circumstantial evidence." To an instruction that before the jury could convict, they must be satisfied of the defendant's guilt beyond a reasonable doubt, the court added: " That does not mean all doubt; reasonable doubt does not mean no doubt at all." This is complained of in ground 5; to which is appended a note of the judge, referring to the charge in full in the record, and stating that the language last quoted is " only a portion of a sentence."

*R. L. Gillen, N. B. Butt, R. S. Wimberly,* for plaintiff in error. *Jule Felton, solicitor-general,* contra.