## COLLINS *v.* THE STATE.

No. 15284.  OCTOBER 5, 1945.

*Edward A. Dutton,* for plaintiff in error.

*J. Eugene Cook, attorney-general, Samuel A. Cann, solicitor-general, Claude Shaw, assistant attorney-general,* and *Andrew J. Ryan,* contra.

WYATT, Justice. 1. On the general grounds of the motion for new trial, it is urged by counsel for the plaintiff in error that the evidence was insufficient to support a conviction, because the conviction rests on an alleged confession, and the defendant having stated that, "after I got to the city jail some of the law officers give you some punishment and make you tell things which you would not want to say," the State should have proved whether or not "any of the other policemen or any one else confined in the barracks at that time inflicted punishment on the plaintiff in error or offered him any inducement to make the alleged confession." The contention is without merit. Counsel for the plaintiff in error concedes that "the court below properly instructed the jury as to the law on confessions." It was not incumbent upon the State to prove, in order to admit the confession in evidence, that, in addition to the officers to whom the confession was made, no other persons had inflicted punishment on the defendant or otherwise induced him to confess. For a comprehensive discussion of the rules relating to the admission in evidence of confessions for a consideration by the jury, see *Bryant* v. *State,* 191 *Ga.* 686 (13 S. E. 2d, 820). The evidence authorized the verdict.

2. Special ground 1 of the amended motion for new trial complains of the following excerpt from the charge: "The State undertakes to protect its innocent people by requiring that the proof to the jury be beyond a reasonable doubt; and, when the proof is positive and when you believe the defendant guilty beyond a reasonable doubt, gentlemen of the jury, it is your duty, as jurors and good citizens and officers of the court, to enforce the law. It is just as much your duty, gentlemen of the jury, to find your verdict on the evidence and the court's charge; you must make your finding from the evidence, the defendant's statement, and from the law which the court endeavors to give you." It is contended only that this charge was too restrictive and should have been modified by pointing out that, if the State failed to make

out a case beyond a reasonable doubt, it would then be the duty of the jury to give the benefit of the doubt to the defendant and acquit him; and that the failure to so modify the charge was harmful and prejudicial to the defendant. Preceding the excerpt complained of, the court charged as follows: "Every person, coming into court charged with crime is by law presumed to be innocent until proven guilty by competent evidence to the exclusion of every other reasonable hypothesis save that of his guilt of the crime charged." And immediately following the excerpt complained of, the court charged: "The true question in all criminal cases is not whether it be possible that the conclusion at which the testimony points may be false, but whether there is sufficient testimony to satisfy the mind and conscience of the jury beyond a reasonable doubt that the defendant is guilty. A reasonable doubt is a doubt for which you can give a reason, and means just what it says; it is the doubt of a fair-minded, impartial juror, honestly seeking the truth—not an arbitrary or capricious doubt, but a doubt arising from a consideration of the evidence, or from a conflict in the evidence, or from the statement of the defendant. *If, after considering all the facts and circumstances of the case, giving the defendant's statement just such weight and credit as you think it is entitled to receive, your minds are wavering, unsettled and unsatisfied, then it would be your duty to give the benefit of that doubt to the defendant and acquit him.*" The charge was not erroneous for the reasons assigned.

3. Special ground 2 complains of a lengthy excerpt from the charge, dealing with the forms of verdicts, including that of not guilty, which might be returned by the jury. We deem it unnecessary to quote the charge, the assignment of error being only, "that the court failed to modify said charge by not emphasizing the rights of the defendant and the law applicable for the jury to find the defendant not guilty of the crime of either murder or voluntary manslaughter," which was prejudicial and harmful to the defendant. The assignment of error is too indefinite to raise any question for decision. From the brief of counsel for the plaintiff in error, we gather that the criticism of the charge is that in charging as to the forms of verdict, in the event the defendant should be found guilty of murder or manslaughter, the court should have modified the charge in each instance by charging that,

if the jury did not believe the defendant guilty beyond a reasonable doubt, they should acquit him. This criticism is not meritorious. "If the court charges fully and fairly the doctrine of reasonable doubt, that is sufficient; and it is unnecessary to repeat it at the end of every sentence of his charge when instructing the jury how they should find if they believe the evidence makes out a case of guilt." *Vann* v. *State,* 83 *Ga.* 44 (9 S. E. 945). See also *Smith* v. *State,* 124 *Ga.* 213 (2) (52 S. E. 329); *Nance* v. *State,* 126 *Ga.* 95 (2) (54 S. E. 932); *Tolbert* v. *State,* 127 *Ga.* 827 (56 S. E. 1004).

4. Special ground 3 complains, "because the court failed to charge the jury that the burden of proof was on the State to prove the defendant guilty beyond a reasonable doubt." The charge was comprehensive on the doctrine of reasonable doubt. Though the charge did not instruct the jury in hæc verba that the burden of proving the defendant guilty rested upon the State, it in effect charged that, if, after considering the entire case, the jury should have a reasonable doubt of the defendant's guilt, it was their duty to return a verdict of not guilty. The charge was sufficient. If a more elaborate instruction on the rules with reference to reasonable doubt and the burden of proof was desired, it should have been requested in writing. *Thomas* v. *State,* 129 *Ga.* 419 (4), 423 (59 S. E. 246); *Barkley* v. *State,* 190 *Ga.* 641 (4) (10 S. E. 2d, 32); *Neal* v. *State,* 26 *Ga. App.* 647 (2) (106 S. E. 913).

5. Special ground 4, complaining of a failure to charge the jury that the court did not express any opinion as to the guilt or the innocence of the defendant, is without merit. It is unnecessary for the trial court to so instruct the jury; it is sufficient if the court refrains from expressing or intimating an opinion as to what has or has not been proved, or as to the guilt of the accused.

6. The final ground of the amended motion, in which complaint is made that "the entire charge of the court was prejudicial and harmful to the defendant, in that emphasis was on his guilt throughout the charge," presents no proper assignment of error raising a question for decision. However, an examination of the entire charge shows that the criticism directed against it is without merit.

*Judgment affirmed. All the Justices concur, except Head, J., disqualified.*