31414.   ROBERTS *v.* THE STATE.

662

DECIDED JANUARY 7, 1947.

*Limerick L. Odom, W. C. Hawkins, J. Henry Howard,* for plaintiff in error.

*Fred T. Lanier, Solicitor-General,* contra.

MACINTYRE, J. The defendant was indicted for murder and was found guilty of voluntary manslaughter. A motion for new trial was filed on the general grounds, and amended by adding eight special grounds. The trial court overruled every ground of the motion as amended. The defendant excepts to the overruling of her motion for a new trial.

■ During the trial a witness for the State, in the course of his testimony in rebuttal of the statement of the defendant, swore that he knew the general reputation of Frank Roberts (the deceased)

for violence, and that his reputation was good. Upon cross-examination, counsel for the defendant asked the witness, Who said he, Frank Roberts (the deceased), was a man of good character? The witness answered, "I said so and plenty more said so. Odom said it was good. Plenty of people have said his reputation was good." At this point in the trial, H. C. Odom, a spectator, stood up in the courtroom and said, "Judge, yes I say he is a man of good character." Counsel for the defendant then protested to the court regarding the conduct of this spectator, but the court made no ruling, and did not admonish the jury to disregard such conduct on the part of Odom. Counsel for the defendant stated in his protest to the court that "he didn't like no such conduct and that it was harmful to his case."

A protest of this nature made to the conduct of a bystander or spectator is too general to be the basis of a review by this court. As a general rule the conduct of a spectator during the trial of a case will not be ground for reversal of a judgment denying a new trial, unless a ruling upon such conduct is invoked from the judge at the time it occurs. *Cato* v. *State,* 183 *Ga.* 277 (188 S. E. 337); *Brooks* v. *State,* 183 *Ga.* 466 (188 S. E. 711, 108 A. L. R. 752). Even in a criminal case a judgment will not ordinarily be reversed for misconduct of counsel, parties, or spectators, unless a ruling upon such conduct was invoked from the judge at the time it occurred. *Rawlins* v. *State,* 124 *Ga.* 31, 32 (7) (52 S. E. 1). On the facts of the instant case, the omission of the judge to declare a mistrial is not ground for a reversal.

■ It is contended by the defendant that a new trial should be granted because the judge charged the jury as follows: "The law presumes every homicide to be felonious until the contrary appears from circumstances of alleviation, or excuse, or justification, and it is incumbent on the prisoner to make out, by a preponderance of the evidence, such circumstances to the satisfaction of the jury, unless they arise out of the evidence produced against him." It is insisted that this charge was error for four reasons: (a) "It cast a burden upon the defendant to prove justification 'by a preponderance of evidence' and, under the evidence of the case, such charge was not warranted or proper. (b) The use of the word 'felonious' cast a further burden on the defendant not required by law and its use under these circumstances was error. (c) It tended to exclude

the theory of the general burden of proof being upon the State in all criminal cases to prove the guilt of the accused beyond a reasonable doubt. (d) The court also erred in failing to define 'preponderance of evidence' after using the term in charging."

As to objection (a), the language frequently approved is that "it is incumbent on the prisoner to make out said circumstances to the satisfaction of the jury," instead of "by a preponderance of the evidence." In *Boyd* v. *State,* 136 *Ga.* 340 (3) (71 S. E. 416), the Supreme Court said that it did not commend the use of the expression "by a preponderance of the evidence" in this connection, but it was not there decided that a new trial would be granted on that account. In the instant case, the judge charged the jury that it was incumbent on the prisoner to make out, by a preponderance of the evidence, such circumstances to the satisfaction of the jury. We can not perceive how the defendant was hurt by the use of the words, "by a preponderance of the evidence," preceding the instruction that the burden was on him to make out such circumstances "to the satisfaction of the jury." No lesser burden could have been imposed upon the defendant than to make such appear to the satisfaction of the jury by a preponderance of the evidence. *Smith* v. *State,* 198 *Ga.* 849 (2), 854 (33 S. E. 2d, 338).

As to objections (b) and (c), it is sufficient to say that the presumption there referred to will be found stated many times in the decisions of the Supreme Court of this State. *Hudgins* v. *State,* 2 *Ga.* 173, 188; *Parker* v. *State,* 197 *Ga.* 340 (8) (29 S. E. 2d, 61); *Smith* v. *State,* supra.

As to objection (d), the failure to instruct the jury as to the meaning of the expression, "preponderance of evidence," furnishes no ground for a new trial. In the absence of an apt and correct request to charge, there is no obligation on the court to define "preponderance of evidence." *Seaboard Air-line Ry.* v. *Randolph,* 136 *Ga.* 505, 510 (71 S. E. 887); *New York Life Ins. Co.* v. *Bradford,* 55 *Ga. App.* 248, 262 (189 S. E. 914).

■ Special ground 3 is as follows: "Because the court charged the law of mutual combat when the evidence failed to show that the law of mutual combat was involved in the case." In *Dowdell* v. *State,* 200 *Ga.* 775 (38 S. E. 2d, 780), it is said that a ground of a motion for a new trial in the following language, "movant contends the court erred in charging the jury on the law of mutual

combat, when the evidence and the defendant's statement did not warrant it," raises no question for determination. The *Dowdell* case is controlling in so far as this special ground is concerned.

■ The defendant assigns as error the following portion of the charge to the jury enclosed in brackets: "[The court instructs you that in case of mutual combat, if a person kill another in his defense, it must appear that the danger was so urgent and pressing at the time of the killing that in order to save his own life, the killing of the other was absolutely necessary], and it must appear that the person killed was the assailant or that the slayer had actually and in good faith endeavored to decline any further struggle, before the mortal blow was given." The defendant contends that the part of the charge above quoted, enclosed in brackets, without more, was prejudicial to the defendant in that the trial judge failed to charge that an apparent necessity is equivalent to a real necessity. The doctrine of seeming or apparent necessity is not applicable to a case of mutual combat falling under the Code, § 26-1014; and accordingly the judge did not err in instructing the jury that it would be necessary for the accused to show that an actual necessity existed to save her own life. *Shepherd* v. *State,* 150 *Ga.* 799 (1) (105 S. E. 485). Counsel for the defendant contends further that with this part of the charge the doctrine of reasonable fear should have been explained to the jury. This contention is without merit. "While on a trial for murder the doctrine of reasonable fears, as it relates to an assault upon the person killing, may be applicable in determining whether the homicide was voluntary manslaughter, it stops 'right there,' and has no connection with the defense which would authorize an acquittal of voluntary manslaughter." *Gresham* v. *State,* 70 *Ga. App.* 80 (2) (27 S. E. 2d, 463). The verdict here being for voluntary manslaughter, there was no merit in this ground.

■ Special ground 5 was withdrawn by counsel for the defendant and will not be considered by this court.

■ Special ground 6. The judge had charged the jury on the law of murder, and immediately following began his charge with reference to voluntary manslaughter in the following language: "Gentlemen, manslaughter I think is involved in this case, so I am going to charge you in regard to manslaughter." The court thereafter in effect charged the jury that under one phase of the

evidence they would be authorized to find the defendant guilty of murder and gave them the form of the verdict, and that under another phase of the evidence they would be authorized to find the defendant guilty of voluntary manslaughter and gave them the form of the verdict, or that they could acquit the defendant and gave them the form of the verdict.

The defendant contends that the above-quoted statement was an expression of opinion by the court and was likely to have influenced the jury in returning a verdict of guilty of manslaughter.

A fair interpretation of the language is that under the indictment and the evidence the court thought that the law of voluntary manslaughter was involved as well as the law of murder. The jury would necessarily have concluded that, if the judge thought the law of murder was not involved under one phase of the evidence, he would not have given them this law of murder in charge, and having charged them on the law of murder, he also thought that the law of voluntary manslaughter was involved and he was "going to charge them on the law of voluntary manslaughter."

A careful analysis of the excerpt reveals that the language used, in view of the entire charge and the record in the case, is not susceptible of the construction that it was an expression of opinion by the court and was likely to have influenced the jury in returning a verdict of voluntary manslaughter, as contended by the defendant. We do not think that the jury concluded under the excerpt in question that the judge expressed an opinion that they should return a verdict of voluntary manslaughter. *Alred* v. *State,* 68 *Ga. App.* 263, 265 (22 S. E. 2d, 677). See, in this connection, *Gunn* v. *State,* 23 *Ga. App.* 545 (2) (99 S. E. 62).

■ During the trial the defendant asked a witness for the State this question: "What about the fight they [the deceased and the defendant] had two weeks before that?" The court refused to allow the witness to answer the question. The defendant avers that, if the witness had been permitted to answer the questions, he would have told about a fight having taken place between the defendant and the deceased two weeks before, and would have shown the state of mind of the deceased as well as the motive for making an assault upon the defendant, as alleged in the statement of the defendant. The assignment of error is without merit. "It is unnecessary to consider whether the exception would have been well taken if the

verdict had been for murder; for, inasmuch as the defendant was only convicted of voluntary manslaughter, no harm resulted to him by reason of the court's ruling. The jury, by their verdict [of voluntary manslaughter], found that the killing was done without malice, and the testimony repelled by the judge was only proper to be considered by the jury to induce the same result as occurred." *Carter* v. *State*, 2 *Ga. App.* 254, 257 (58 S. E. 532).

The defendant assigns as error the admission of evidence offered by the State relative to the general reputation of Frank Roberts, the deceased. The defendant was charged with murder, and was convicted of voluntary manslaughter. Her statement to the jury tended to show that the deceased was a violent and turbulent man, and put in issue his character as to peaceableness and violence. Therefore, the court did not err in subsequently allowing the solicitor-general to introduce evidence in rebuttal of that part of the defendant's statement tending to show the general bad character of the deceased as to peaceableness and violence. *Streeter* v. *State*, 56 *Ga. App.* 380 (1) (192 S. E. 634).

The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*