32021. BROWN *v.* THE STATE.

246

DECIDED JUNE 1, 1948.

*James R. Venable, Willis Smith,* for plaintiff in error.

*Paul Webb, Solicitor-General, William Hall, William T. Boyd,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Special ground 1 of the amended motion for a new trial has been abandoned.

Special ground 2 contends that the court erred in failing to charge the jury "that the burden was upon the State to prove to the jury beyond a reasonable doubt that the articles of money and moneybag alleged to have been found in the automobile of the defendant or the automobile in which he had the keys too [to], were the same articles which is alleged and claimed to have been stolen from the place alleged to have been burglarized." This charge was hot requested and it is contended that the failure of the court to give it was error although in the absence of request. The authorities cited herein indicate that failure so to charge is not error, even when requested, because the judge elsewhere in his charge instructed the jury fully and clearly on this subject. However, it is not necessary for us to determine here whether or not this failure to charge constitutes error when requested, there being no such request in the instant case. We hold merely that where the trial judge in a criminal case fully and clearly charges the jury on reasonable doubt as to the whole case, as in the instant case, it is unnecessary that this charge be repeated and specifically applied to particular phases of the case. See *Watkins* v. *State,* 18 *Ga. App.* 60 (2) (supra); *Stowe* v. *State,* 51 *Ga. App.* 726 (2) (supra); *Pierce* v. *State,* 66 *Ga. App.* 737 (4) (supra); *Collins* v. *State,* 199 *Ga.* 834 (supra). The cases cited in the brief of counsel for the defendant in support of this ground of the amended motion for a new trial deal with the principle of law relating to reasonable doubt and without reference to whether the court properly charged it. This ground of the amended motion for a new trial is without merit.

■ Special ground 3 contends that the court erred in failing to charge the jury "that recent possession of stolen goods not

satisfactorily explained may be sufficient to convict of burglary if the burglary is otherwise proven and the jury believes from all the evidence beyond a reasonable doubt that the accused is the guilty party. However, if the jury believes from the evidence and the defendant's statement that articles or money alleged to have been found in his possession was stolen from the building alleged to have been burglarized has been satisfactorily explained, then the defendant could not be convicted and it would be your duty to acquit the defendant. The mere naked unexplained possession of stolen goods alone will not authorize a conviction of burglary."

The entire evidence against the defendant in the instant case is circumstantial. The judge charged the jury the correct rule of law where the State relies for conviction upon circumstantial evidence alone. While the principal circumstance against the defendant in the instant case was the finding of packages of money and a moneybag identified as having been stolen in the course of the burglary, in the car of the defendant's wife, and to which he had the keys, these are not all the circumstances upon which the State relies. The evidence also shows that a person resembling the defendant and another person broke out a window and left the burglarized premises at 2 o'clock on the morning of the burglary; that the defendant denied having an automobile; that he voluntarily took everything out of his pockets for the inspection of the police officer but the keys to the automobile; that upon them being found he claimed they were keys to a lock in Carrollton, Georgia; that he offered no explanation as to the possession of the money and the moneybag prior to his trial; that there was blood on the moneybag found in the car identified as coming from the burglarized building; and that he had a fresh wound upon his hand. When the conviction for simple larceny, burglary, and kindred crimes rests both upon proof of recent possession of the stolen goods and upon other circumstances tending to establish the guilt of the accused, an entire failure to charge as to the evidentiary value of the possession and the effect of the explanation, is not cause for a new trial in the absence of a request so to charge. *Toney* v. *State*, 69 *Ga. App.* 331 (5) (supra).

The omitted part of the charge alleged to be error was not

requested. While this principle of law was applied to the case and it would have been proper for the trial court to have charged it, yet in the absence of request, failure to give it in charge is not error in view of the fact that the State was relying on circumstances other than the recent possession of the stolen property in the defendant. *Toney* v. *State,* supra; *Crumady* v. *State,* supra.

The cases cited in the brief of counsel for the defendant in support of this ground of the amended motion for a new trial appear to be cases where the State depended for a conviction solely on the recent possession of the stolen property in the defendant. This ground of the amended motion for a new trial is without merit.

■ Special grounds 4 and 5 of the amended motion for a new trial contend that the trial court erred in failing to declare a mistrial or in failing to reprimand the solicitor-general for certain improper argument. The improper argument complained of in ground 5 of the amended motion for a new trial is that the solicitor-general in his argument to the jury stated that "he is not working," meaning that the defendant was not working. Counsel for the defendant moved for a mistrial on the ground among other things that this statement was immaterial and highly prejudicial to the defendant. To this motion the court replied, "There is no evidence that I know of that he is working or not, but I overrule the motion for a mistrial." This is the only ruling or reply shown by the record to have been made by the court to this motion.

The evidence showed that the defendant at the time of his arrest was living in an Atlanta hotel with his wife. The jurors knew of course that this mode of living entailed considerable expense. The statement to the jury that "he is not working" could imply to them only that he was procuring his living expenses by means other than by working. He being on trial for burglary, and being a second offender, the reasonable implication to the jury was that he was procuring his living expenses by illegal and dishonest means. If the statement that he was not working had been authorized by the evidence, the argument would have been proper, whatever implication might have resulted. But since there is no evidence from which the inference

may be drawn that "he is not working," it follows that the statement is improper and unauthorized by the evidence.

Code § 81-1009 provides as follows: "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and, on objection made, he shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender." In the instant case the remark made by counsel was prejudicial. It was not in evidence. The judge did not interpose and prevent the same. On objection made he did not rebuke counsel. He gave the jury no needful and proper instructions in an effort to remove the improper impressions from their minds. He did not grant a mistrial. In fact the response of the court to the motion in effect points out its lack of evidentiary support and then overrules the motion without any statement to the jury or the solicitor-general. This is reversible error. See Code, § 81-1009; *Baggett* v. *State,* 76 *Ga. App.* 873 (supra); *Fountain* v. *State,* 23 *Ga. App.* 113 (7) (supra); *Bedsole* v. *State,* 32 *Ga. App.* 792 (supra); *Lober* v. *State,* 60 *Ga. App.* 204 (supra).

The verdict of guilty in the instant case, although authorized, was not demanded by the evidence.

Ground 4 of the amended motion for a new trial is not passed upon for the reason that the case is to be tried again and the matters therein complained of are unlikely to recur.

The trial court erred in overruling the motion for a new trial as amended for the reasons set forth in our discussion of ground 5 thereof.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*