### 51489. LOFTON v. THE STATE.

CLARK, Judge.

Defendant was convicted of the offense of simple battery and appeals from the judgment of the court entered upon the jury's verdict. The victim of the alleged battery was a caseworker for the Clarke County Family and Children Services. She had been attempting to resolve a dispute between a mother and daughter, who were joint welfare recipients, concerning possession of a welfare check. The victim testified that the check was temporarily withheld from the mother, at which time defendant, a friend of the mother, intervened and committed a battery upon her.

Defendant testified the physical contact was unintentional. He contended he was intoxicated and accidentally stumbled into the caseworker. He asserted he was only seeking to talk with the caseworker and denied any personal interest in the matter. The district attorney then inquired as to whether defendant might have a monetary interest in the mother's receipt of the

check for use in paying his liquor bill. The court sustained the objection to this question, but gave no corrective instructions and denied defendant's motion for mistrial.

1. Defendant contends that the question concerning his liquor bill placed his character in issue and that the trial court erred in denying his mistrial motion. We are unconvinced that the question, which implied that defendant received money from the welfare recipient, placed his character in issue within the meaning of Code § 38-202. We are also unconvinced that prejudice or harm resulted from this inquiry. Even if we assume, however, that this question did cast an unfavorable reflection on defendant's character,[1] the inquiry was nevertheless a proper subject of cross examination. It was permissible for the district attorney to attempt to rebut defendant's assertion of being a neutral observer by showing his possible monetary interest in the mother's receipt of the welfare check. In addition, the question was relevant to show defendant's motive, intent, and bent of mind in relation to his conduct. "Where evidence is admissible to show motive and to connect the accused with the crime charged, the mere fact that it may tend incidentally to put the character of the accused in issue would not render it inadmissible. [Cits.]" *Anderson v. State,* 206 Ga. 527 (1) (57 SE2d 563). This enumeration is therefore without merit.

2. Defendant's remaining enumeration asserts error in the failure of the trial court to instruct the jury as to the burden of proof on the defense of accident. Defendant contends that the court should have charged that the burden was upon the state to prove beyond a reasonable doubt that the offense was not caused by accident.

Contrary to defendant's contention, our Supreme Court has ruled that the burden of persuasion as to the defense of accident is properly placed on the defendant. *Chandle v. State,* 230 Ga. 574, 576 (3) (198 SE2d 289). It

---

[1]"There is an epigram to the effect that when a farmer sells a barrel of apples, his reputation is on the top, and his character is on the bottom." The Implosion Conspiracy by Louis Nizer, p. 300.

has also been held that the omission of an instruction as to the burden on this issue does not constitute reversible error where the charge otherwise recites the state's burden of proving guilt beyond a reasonable doubt. *Parks v. State,* 234 Ga. 579, 583 (4) (216 SE2d 804). Accordingly, there was no error in the charge.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

SUBMITTED NOVEMBER 5, 1975 — DECIDED JANUARY 5, 1976 — REHEARING DENIED JANUARY 21, 1976 —

*John W. Timmons, Jr.,* for appellant.
*Ken Stula, Solicitor,* for appellee.