68282. KENNEDY v. THE STATE.
(323 SE2d 169)

POPE, Judge.
Appellant Henry Xavier Kennedy appeals his jury conviction for the offense of first degree arson in the September 23, 1981 fire which destroyed his log cabin. He assigns error to the charge and argues that the evidence was not sufficient to support the verdict.

1. Appellant's first three enumerations of error involve certain instructions given or not given by the trial court to the jury. Upon completion of the charge, the trial court inquired if there were any exceptions to the charge. Counsel for appellant replied: "I don't believe I have any exceptions at this time." In *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855) (1980), the Supreme Court held: "In order to avoid waiver, if the trial court inquires if there are objections to the charge, counsel must state his objections or follow the procedure set forth in *Gaither v. State*, 234 Ga. 465 (216 SE2d 324) (1975), and approved in *White* [*v. State*, 243 Ga. 250 (253 SE2d 694) (1979)], of reserving the right to object on motion for new trial or on appeal." We are unable to state with any degree of certainty that counsel's reply to the trial court's inquiry as to the charge was sufficient under *Gaither* and *White* to preserve appellant's right to raise any objections to the charge on motion for new trial or on appeal. Likewise, we

are unable to state with certainty that counsel's reply was *not* sufficient. Some, but not all, of appellant's objections to the charge raised here on appeal were also argued on motion for new trial. There is nothing in the record which indicates that the State opposed appellant's motion for new trial on the ground that such objections had been waived by failure to properly preserve them pursuant to *Gaither* and *White*. Further, the State has not opposed appellant's objections on appeal on this ground. Rather, the State, although not addressing all of appellant's contentions, has attacked appellant's enumerations of error on their merits. Under these circumstances, while we are not totally satisfied with the sufficiency of appellant's objection to the charge at trial, we nevertheless shall address the merits of appellant's enumerations of error challenging the charge of the court. See *Buchanan v. State*, 168 Ga. App. 365 (4) (308 SE2d 860) (1983).

2. Appellant first challenges the trial court's charge on the defense of alibi. The court charged in part: "The defendant in this case contends that he was not present at the scene of the offense at the time of its commission. In that connection, I charge you that alibi as a defense involves the possibility of the accused's presence at the scene of the crime or the offense at the time of its commission. I further charge you that the presence of the defendant at the scene of the crime as alleged in this particular indictment or his involvement as a co-conspirator or party is an essential element of the crime set forth in this indictment, and the burden of proof upon such issue is upon the State. . . . Any evidence in the nature of an alibi should be considered by the jury in connection with all other facts in the case, and if upon considering the evidence as a whole you, the jury, should entertain a reasonable doubt as to the guilt of the accused, you should acquit him of the offense as charged."

(a) Appellant contends that the charge inaccurately ascribed to him the contention that an offense or crime had, in fact, occurred, thereby effectively destroying his defense of accidental burning and also destroying his defense of alibi. As appellant concedes, the instruction given by the trial court is essentially the same as the charge approved in *Patterson v. State*, 233 Ga. 724, 730 n. 2 (213 SE2d 612) (1975). The charge is taken from the pattern instruction of the Superior Court Criminal Jury Instructions.

The language complained of is not incorrect as a matter of law (see OCGA § 16-3-40) and thus provides no ground for reversal. See, e.g., *Epps v. State*, 168 Ga. App. 79 (2) (308 SE2d 234) (1983). See also *Adams v. State*, 125 Ga. 11 (4) (53 SE 804) (1906). Although we find no reversible error, we conclude that reference to the "scene of the crime" or "scene of the offense" is inappropriate when a criminal defendant asserts the defense of accident in an arson case. See generally *Bell v. State*, 47 Ga. App. 216 (1) (169 SE 732) (1933). "In a case

of arson, the corpus delicti consists in the proof of three fundamental facts: first, the burning of the house described in the indictment; second, that a criminal agency was the cause of the burning; and third, that the defendant was the criminal agency. These principles are elementary and need no citation of authorities. The presumption is that any fire is a result of accident and providential cause rather than criminal design. When nothing appears other than the burning, of course the burden is on the State to overcome the presumption that the burning occurred from providential or accidental cause." *Hurst v. State*, 88 Ga. App. 798, 799 (78 SE2d 80) (1953); *Campbell v. State*, 169 Ga. App. 112, 114 (312 SE2d 136) (1983). The phrases in question connote, or presuppose, that a criminal agency was the cause of the burning, although the final reference to the "scene of the crime" is modified by the phrase "as alleged in this particular indictment." This latter phrase is sufficient, as to this reference to the "scene of the crime," to overcome any improper connotation that a crime had, in fact, occurred. As to the initial references, however, a more appropriate term should be used, e.g., "scene of the *alleged* crime or offense" or simply "scene of the fire" or "scene of the burning."

(b) Appellant also assigns error to the trial court's use of the word "possibility" instead of "impossibility" in instructing the jury on alibi. OCGA § 16-3-40 provides that "[t]he defense of alibi involves the *impossibility* of the accused's presence at the scene of the offense at the time of its commission." (Emphasis supplied.) In our view, "the use of the word 'possibility' could not have misled the jury when the complete charge on the subject is considered, and is not ground for a new trial." *Evans v. State*, 222 Ga. 392, 398 (150 SE2d 240), cert. den. Evans v. Georgia, 385 U. S. 953 (1966).

(c) Appellant lastly alleges error in the part of the charge which allegedly injects the theory of conspiracy into the case. Also, his second enumeration of error objects to the trial court instructing the jury as to parties to a crime. Appellant alleges that there was no evidence to authorize either instruction, and that the giving of these instructions effectively destroyed his alibi defense. A review of the transcript reveals that appellant went to great lengths to establish an alibi. Yet, expert testimony strongly suggested that the fire was incendiary in origin. If the fire was incendiary in origin, someone had to start it. Although at trial appellant contended primarily that the cause of the fire was accidental, he conceded that someone could have broken into the building and set the fire. On the night of the fire, appellant removed a stove from the log cabin and possibly his clothing, since the dresser drawers where appellant kept some of his clothing were empty. From this the jury could have inferred prior knowledge by the appellant and concluded that he had arranged with someone else to set the fire and then absented himself so as to appear innocent. Thus,

there was some evidence of conspiracy and that appellant was a party to the arson. "It is well established that an instruction is not inapplicable where there is any evidence, however slight, on which to predicate it. [Cit.] To justify a charge on a given subject, it is not necessary there should be compelling evidence giving rise to that point; it is enough if there be something from which a legitimate process of reasoning can be drawn from it by the jury." *Williams v. State,* 156 Ga. App. 17, 18 (274 SE2d 71) (1980). See *Barnes v. State,* 164 Ga. App. 631 (1) (298 SE2d 311) (1982); *Swain v. State,* 74 Ga. App. 391 (1) (39 SE2d 727) (1946). See also *Battle v. State,* 231 Ga. 501 (202 SE2d 449) (1973).

3. Appellant next urges this court to set aside his conviction based upon alleged error in failing to properly instruct the jury as to the defense of accident. The court charged the jury: "There may be some suggestion of accident in this case or contention of accident. At any rate, the Court will charge you that a person shall not be found guilty of any crime whereby it satisfactorily appears that there was no criminal scheme or undertaking or intention." Appellant alleges that the foregoing charge conflicts with the presumption of accidental burning, disparages the defense of accident, and is burden-shifting.

(a) The trial court instructed the jury that "in connection with arson that the law presumes that every fire to be an accident or providential cause until the State shall establish beyond a reasonable doubt that such fire was the result of criminal agency, that is, a willful and intentional burn." This is a generally correct statement of the law (see *Phillips v. State,* 29 Ga. 105 (4) (1859)), and the charge here complained of — that a person shall not be found guilty of any crime whereby it satisfactorily appears that there was no criminal scheme or undertaking or intention — is also a correct statement of the law (see OCGA § 16-2-2). The charge complained of does not conflict with the stated presumption; the thrust of both instructions is that appellant could not be found guilty of arson absent a showing of criminal agency beyond a reasonable doubt.

(b) While we expressly disapprove of the trial court's "suggesting" that accident may have been in the case (see OCGA § 9-10-7), this remark does not require a new trial. The only inference which the jury could have drawn from this statement is that the issue of accident was involved in the case to the extent that it became the duty of the court to submit that question to them for determination. See *Roberts v. State,* 74 Ga. App. 661 (6) (41 SE2d 173) (1947). See also *Louisville & N. R. Co. v. Bradford,* 135 Ga. 522 (4) (69 SE 870) (1910); *Gunn v. State,* 23 Ga. App. 545 (2) (99 SE 62) (1919). Such an inference certainly does not disparage appellant's defense of accident (compare *Smiley v. State,* 156 Ga. 60 (5) (118 SE 713) (1923)) and cannot be deemed harmful to his case.

(c) In our view, the charge complained of is not impermissibly burden-shifting. See *Chandle v. State*, 230 Ga. 574 (3) (198 SE2d 289) (1973); *Lofton v. State*, 137 Ga. App. 323 (2) (223 SE2d 727), affd. 237 Ga. 275 (227 SE2d 327) (1976). But see *State v. Moore*, 237 Ga. 269 (227 SE2d 241) (1976); *Patterson v. State*, supra at 729.

4. Appellant finally challenges the denial of his motion for new trial on the ground that the verdict was based upon an asserted insufficiency of evidence to prove that he committed the crime charged. "The accused, having been convicted by a jury and his conviction having been approved by the trial court in overruling the motion for a new trial, it is incumbent upon a court of review to construe the evidence in a light most unfavorable to the accused. This is true, for every presumption is in favor of such a verdict." *Lockhart v. State*, 76 Ga. App. 289, 294 (45 SE2d 698) (1947). Applying this standard to the facts of record in light of the proof necessary for conviction of arson as set forth in *Hurst v. State*, supra, the evidence shows the following: The investigators determined that the fire was incendiary in origin. Kerosene (which appellant admitted was stored on the premises) had been poured on the floor of several rooms. "Pour patterns" from the liquid accelerant were discovered leading from a hot plate which was discovered in the most heavily burned area of the house with one switch in the "on position." The investigator testified that one of the elements of the hot plate was energized at the time of the fire. From the foregoing evidence, the jury could properly determine that the fire was caused by a criminal agency.

In support of the State's theory that appellant was the criminal agency, the State presented evidence of motive. Appellant's building business was slow. He had two mortgages on the property which was destroyed. A builder's risk policy of $40,000 had been renewed five days before the fire. Although appellant introduced evidence of alibi from 12:00 midnight until 4:00 a.m. and the fire was reported at 3:42 a.m., the arson investigator stated that depending on the amount of oxygen and fuel that was available, the fire would show itself anywhere from a few minutes to a few hours. The fire could have returned to a smoldering stage and reignited later.

On the basis of the evidence presented, any rational trier of fact could have found beyond a reasonable doubt that appellant's guilt was established. See *Powell v. State*, 171 Ga. App. 876 (1) (321 SE2d 745) (1984); *Burns v. State*, 166 Ga. App. 766 (3) (305 SE2d 398) (1983).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 5, 1984 —
REHEARING DENIED OCTOBER 10, 1984.

*Billy L. Spruell*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Harvey W. Moskowitz, Assistant District Attorneys*, for appellee.