73460. GAILY v. THE STATE.
(354 SE2d 442)

McMURRAY, Presiding Judge.

Defendant was indicted for six counts of the offense of forgery in the first degree. It was alleged that, with intent to defraud, defendant knowingly possessed and uttered six checks, drawn on the account of Custom Company Contractors ("Custom Company") with the Trust Company Bank of Henry County, "and signed by E. M. Gravitt, in such a manner that the writing as made purports to have been made by authority of one who did not give such authority . . ." Following a trial by jury, defendant was found guilty upon all six counts of the indictment. He was sentenced to confinement for a period of ten years on each count to run concurrently (six years to serve, the remainder on probation). In addition, as a condition of probation, defendant was ordered to pay a fine in the amount of $6,000 and to make restitution.

The evidence adduced at trial demonstrated that in the spring of 1985 defendant presented a total of six checks to various branches of the Citizens & Southern National Bank ("C&S bank") in Clayton County, Georgia. The checks were drawn on a commercial account which defendant established at the Trust Company Bank of Henry County ("Trust Company") on December 13, 1984. The name of the account was Custom Company Contractors. Custom Company was a sandblasting and painting business. At one time, defendant operated the business with Essie Marie Gravitt.

Defendant and Gravitt were boyfriend and girl friend. Originally, they opened an account for the business at the C&S bank in Clayton County. Each of them was a signatory on that account. Defendant also had a personal account with C&S bank. When defendant and Gravitt ended their relationship, they closed Custom Company's account at C&S bank. However, defendant kept his personal account at that bank open. Shortly thereafter, defendant opened Custom Company's commercial account at Trust Company.

The account card shows defendant to have been the only authorized signature on the Trust Company account. Nevertheless, the six checks drawn on the Trust Company account bear the signature "E. M. Gravitt." Gravitt testified that she did not sign the checks.

The checks were made payable to defendant and he endorsed them. Defendant presented the checks to C&S bank by way of a

"split" deposit. A portion of each check was deposited into defendant's personal account, the balance was cashed and given to defendant.

Each check was returned to C&S bank by Trust Company. Three were marked "insufficient funds," two were marked "account closed," and one was marked "signature not on file." A Trust Company representative testified that E. M. Gravitt was not authorized to sign checks on the Trust Company account. She averred that defendant only was authorized to sign the checks. She also said only one of the checks was marked "signature not on file" because signature cards are not checked unless an account has sufficient funds to pay a draft.

In a statement which he gave to the police, defendant accused an accomplice of completing the front side of the checks. When he testified at trial, however, defendant changed his story. He averred that he himself affixed Gravitt's signature on the checks and added that he was authorized to do so under a power of attorney. He admitted that he endorsed the checks and presented them to the C&S bank in Clayton County. *Held*:

1. In his first enumeration of error, defendant contends the trial court erred by denying his motion for a directed verdict of acquittal. " 'The statutory standard for application by a trial court to decide a motion for a directed verdict of acquittal is "[w]here there is no conflict in the evidence and the evidence with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal" . . . .' the court may so direct a verdict. *Maddox v. State*, 170 Ga. App. 498, 499 (1) (317 SE2d 617) (1984); OCGA § 17-9-1 (a) . . . It is not error to refuse to direct a verdict when, 'viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' *Wright v. State*, 253 Ga. 1, 3 (1) (316 SE2d 445) (1984); *Lee v. State*, 247 Ga. 411, 412 (6) (276 SE2d 590) (1981)." *Thompson v. State*, 175 Ga. App. 645, 646 (334 SE2d 312). Accord *Rautenberg v. State*, 178 Ga. App. 165, 167 (342 SE2d 355). Viewing the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found beyond a reasonable doubt that with intent to defraud defendant possessed and uttered the six checks knowing the name E. M. Gravitt was forged thereon. *Woody v. State*, 166 Ga. App. 666, 668 (2) (305 SE2d 365). Defendant's first enumeration of error is without merit.

2. Defendant contends there is a fatal variance between the allegata and probata because the State failed to demonstrate that the checks were "signed by E. M. Gravitt." In *DePalma v. State*, 225 Ga. 465, 469 (169 SE2d 801), the Supreme Court stated, "We have not been able to locate any Georgia cases which set out a general rule to be applied in the determination of whether or not a variance between

the allegation and the proof is so material that it is fatal. The United States Supreme Court, however, has evolved a criterion which seems to us to be reasonable. 'The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.' . . . *Berger v. United States*, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314)."

Applying the *Berger-DePalma* test, we find no fatal variance between the indictment and the proof. *West v. State*, 178 Ga. App. 550, 552 (343 SE2d 759). Defendant's second enumeration of error is meritless.

3. The trial court did not err by admitting the State's Exhibit No. 5, one of defendant's deposit slips, into evidence. *Owens v. State*, 248 Ga. 629, 630 (284 SE2d 408). The third enumeration of error is without merit.

4. The detective who interviewed defendant testified about defendant's in-custody statements. In so doing, the detective did *not* mention numerous other checks which defendant told him he delivered. Defendant's contention that the detective placed his character in issue by testifying about "other crimes" is, therefore, without merit. Even if the detective did mention the other checks which defendant told him about, we would find no error. " 'It is no valid ground of objection to the admission in evidence of an incriminatory statement or confession made by the accused in a criminal case that the language indicated that the accused had committed also another and separate offense. [Cits.]' " *Ledford v. State*, 215 Ga. 799, 805 (113 SE2d 628). Accord *Laney v. State*, 159 Ga. App. 609, 610 (4) (248 SE2d 114). Defendant's fourth enumeration of error is without merit.

5. Defendant contends the trial court erred in refusing to permit a witness to testify concerning the contents of a writing which was "lost." The witness, an attorney, represented defendant with regard to other matters. Although the witness did not represent defendant in the case sub judice, he spoke with defendant concerning the case. At that time, defendant gave the witness the writing. According to the witness, the writing, a notarized document, was misplaced.

In an offer of proof, the witness described the document. He said it was signed by defendant and Gravitt and that it "purported to be . . . a note to the bank asking to put Mrs. Gravitt or Mrs. Gravitt's name on the checking account."

Since there was no proof that the document had been delivered, the trial court did not err in refusing to permit the witness to testify about its contents. *Myers v. Adcock*, 198 Ga. 180 (4), (6) (31 SE2d 160). The fifth enumeration of error is without merit.

6. Defendant expressly abandoned his sixth enumeration of error.

7. Defendant contends the trial court erred by refusing to charge the jury concerning impeachment by proof of conviction of a crime of moral turpitude. In this connection, he contends that Gravitt admitted she was a bigamist. This contention fails. In the first place, Gravitt denied she was a bigamist. Moreover, an authenticated copy of a record of conviction was not introduced in evidence. Accordingly, Gravitt was not impeached, *McCarty v. State*, 139 Ga. App. 101, 102-103 (227 SE2d 898), and it cannot be said that a charge on impeachment by proof of conviction of a crime should have been given. The seventh enumeration of error is without merit.

8. During cross-examination, defendant testified that large sums of money were deposited into Custom Company's bank account with Trust Company Bank. Defendant was then asked why Custom Company's checks were returned. When defendant responded that Gravitt must have withdrawn the money, the prosecutor asked defendant if he had cashed any other checks on March 28, 1985, April 5, 1985, or April 19, 1985, the days upon which the six checks were presented at C&S bank. Defendant objected on the ground that the question placed his character in evidence. The objection was overruled. Defendant managed to avoid an affirmative response to the question.

We fail to see how the question posed by the prosecutor placed defendant's character in issue. See *Lofton v. State*, 137 Ga. App. 323, 324 (1) (223 SE2d 727). The mere cashing of a check does not connote criminal conduct. Moreover, the question properly sought to rebut defendant's assertion that Gravitt withdrew money from the Trust Company bank account. The mere fact that the answer which the prosecutor sought may have tended incidentally to put defendant's character in issue did not render the question objectionable. See *Lofton v. State*, 137 Ga. App. 323, 324 (1), supra. Defendant's final enumeration of error is meritless.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED MARCH 2, 1987.

*James W. Bradley*, for appellant.
*Robert E. Keller, District Attorney, Tracy L. Graham, Assistant District Attorney*, for appellee.