## 59834. TAYLOR v. THE STATE.

Banke, Judge.

Appellant was charged with cruel treatment of a child under the age of 18. The charge arose out of a dispute between appellant and her 17-year-old daughter, during which appellant poured gasoline on her daughter and lit a match in a threatening manner. The jury found appellant guilty of criminal attempt. Appellant enumerates as error the trial court's failure to grant her motion for a directed verdict for three separate reasons. *Held:*

1. Initially, appellant argues that the state failed to prove the elements of the completed offense of cruelty to a child. This argument is rendered moot by the jury's verdict of guilty to attempt only, which was charged on appellant's request.

2. Appellant argues that a directed verdict was required because the state failed to prove beyond a reasonable doubt that her actions were not justified as reasonable discipline of a minor. In the same vein, appellant argues that a directed verdict was required "on the ground that the state . . . introduced no evidence that appellant had not acted in self-defense and had therefore not proved that the acts in question were unlawful." The suggestion of self-defense relied upon by appellant was introduced on cross examination of the victim, who testified that when she came out of the bathroom after changing her dress, she raised the balled-up, gasoline-soaked dress as if to throw it at appellant, who stood before her with a lighted match. As appellant's criminal acts preceded this gesture, it cannot serve as the basis for a self-defense plea. The contention that appellant's acts were justified as a matter of law as reasonable discipline of a minor is also without merit.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED MAY 7, 1980 — DECIDED JUNE 5, 1980 — REHEARING DENIED JUNE 18, 1980 —

George C. Rosenzweig, for appellant.
William F. Lee, Jr., District Attorney, Michael G. Kam, Assistant District Attorney, for appellee.