## 64195. SMITH v. THE STATE.

POPE, Judge.

On July 13, 1981 game wardens observed the appellant, Michael Smith, fishing with a fish basket in the Oconee River in violation of the Georgia Game and Fish Laws. Five days later three field conservation officers of the Department of Natural Resources Law Enforcement Section went to appellant's home to serve him with a warrant for his arrest. After resisting arrest, pulling a pistol on the officers and threatening to kill them or be killed, appellant was charged with aggravated assault and possession of a firearm by a convicted felon. On December 15, 1981 appellant was tried before a jury which found him guilty on the charge of possession of a firearm and not guilty of aggravated assault. Appellant now brings this appeal alleging two enumerations of error.

1. Appellant contends that the trial court erred in denying his motion for severance of offenses and presents two arguments to support his contention. He alleges that the state by requiring him to try both counts in the same trial violated his Fifth Amendment right against self-incrimination. "However, '(w)here appellant asserts error and no objection [was] made at the trial (,) it cannot be made the basis of appellate review, either as a ground of a motion for new trial, or as a ground of enumerated error on direct appeal.' " *Sherrod v. State,* 157 Ga. App. 351 (1) (277 SE2d 335) (1981). Since appellant did not raise this ground before the trial court, he may not now raise it on

appeal.

Appellant also argues that forcing him to defend both counts in a single trial automatically placed his character in issue. Appellant admits that evidence of a prior conviction of a felony is a necessary element of possession of a firearm by a convicted felon, but asserts that it is not a necessary element of aggravated assault. However, since appellant was acquitted on the aggravated assault charge, this issue is now moot. Therefore, appellant's first enumeration of error is without merit.

2. Appellant's second enumeration of error is that possession of a firearm by a convicted felon is a lesser included offense of aggravated assault. Therefore, appellant contends that not guilty on the main charge and guilty on the lesser included charge is an improper verdict, and the trial judge erred in not setting it aside. Code Ann. § 26-506 (a) states: "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be *convicted* of more than one crime if (1) one crime is included in the other. . . ." (Emphasis supplied.) A crime is included in another when "[i]t is established by proof of the same or less than all the facts . . . required to establish the commission of the crime charged. . . ." Code Ann. § 26-505. In the case at bar appellant was only convicted of one crime. " 'An accused may be prosecuted for each crime arising from the same conduct. The proscription is that he may not be convicted of more than one crime if one crime is included in the other.' " *Chumley v. State,* 235 Ga. 540, 541 (221 SE2d 13) (1975). Therefore, even if possession of a firearm by a convicted felon was included in the offense of aggravated assault in the case at bar, the trial court did not err in refusing to set aside the verdict since appellant was found guilty only of possessing a firearm and acquitted on the aggravated assault charge.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 15, 1982.

*Hulane E. George, Wayne Rogers,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.