66938. HANSON v. THE STATE.

</div>

SOGNIER, Judge.

Appellant was convicted of burglary. On appeal he contends the trial court erred (1) by denying his motion for a directed verdict of acquittal and his motion for judgment notwithstanding the verdict; (2) by allowing the written statement of a co-accused into evidence over objection; (3) by allowing the state to present hearsay testimony, over objection; and (4) by allowing a detective to testify as a

fingerprint expert.

Francis Wisham's home was burglarized the night of March 9, 1981. Richard Brady testified that he, Harold Dorden and appellant drove to Wisham's home and that he remained in the car while Dorden and appellant burglarized the house. Dorden testified that he and Brady committed the burglary and appellant was not with them, although in a written statement to the police he said that appellant participated in the burglary. Other facts pertinent to a determination of the errors enumerated will be discussed as necessary.

1. Appellant contends the trial court erred by denying his motion for a directed verdict of acquittal and his motion for judgment notwithstanding the verdict because the evidence was not sufficient to support the verdict. We do not agree.

The evidence concerning appellant's participation in the burglary was conflicting, and a trial court's refusal to direct a verdict of acquittal was not error, as viewing the evidence in the light most favorable to the prosecution a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Lee v. State,* 247 Ga. 411, 412 (6) (276 SE2d 590) (1981).

In regard to appellant's motion for judgment notwithstanding the verdict based on the general grounds, the primary issue in this case was the credibility of witnesses. That issue is a matter for determination by the triers of fact. *Miller v. State,* 163 Ga. App. 889, 890 (1) (296 SE2d 182) (1982). We find the evidence sufficient to support the verdict, and find further that the evidence is sufficient to meet the standards of proof required by Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends it was error to allow the written statement of a co-accused into evidence over objection. James Dorden testified that appellant was not present and did not participate in the burglary, but he had made a written pretrial statement to the police that he, Richard Brady and appellant committed the burglary. When Dorden testified that appellant was not involved, the court allowed the prosecuting attorney to introduce Dorden's written statement into evidence.

A prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes. *Gibbons v. State,* 248 Ga. 858, 862 (286 SE2d 717) (1982). Thus, it was not error to admit Dorden's written statement into evidence.

3. Appellant contends the trial court erred by admitting hearsay evidence, despite objection, on the basis that it explained the conduct of Mitch Williams, the policeman who investigated the burglary. Williams testified as to what James Dorden's wife told him;

testified that David Dorden bought the stereo from Brady, and it was retrieved from a hiding place in the woods; and testified as to what James Dorden told Williams on the way back from South Carolina, where Dorden had been arrested. Such testimony, while hearsay, was offered to explain Williams' conduct in the course of his investigation, and what led him to appellant and the other two suspects. After each objection to the testimony, the trial court instructed the jury that they were not to consider the testimony for the truth of it, but only to explain the conduct of Williams.

When, in a legal investigation, the conduct and motives of the actor are relevant to the issues on trial, conversations and similar evidence known to the actor are admissible to explain the actor's conduct. *Momon v. State,* 249 Ga. 865, 867 (294 SE2d 482) (1982); OCGA § 24-3-2 (Code Ann. § 38-302). It is clear that Williams' conduct and motives leading him to the three suspects were relevant to the issues on trial. Hence, it was not error to admit such testimony. *Evans v. State,* 167 Ga. App. 396, 400 (3) (306 SE2d 691) (1983).

4. Lastly, appellant contends it was error to allow Williams to testify as a fingerprint expert. Williams testified on direct and cross-examination that he lifted some prints which were not identifiable because they were smudged. On redirect examination he was allowed to testify, over objection, that it was hard to get prints with the 11 characteristics necessary to be identifiable. Further, that when fingerprints are smudged, those 11 characteristics are eliminated. Appellant argues that such testimony called for a conclusion with no proper foundation having been laid. We do not agree.

Williams testified he had been a police officer for approximately 14 years, and had investigated 200 to 300 burglaries. Formal education in a particular subject is not a prerequisite for expert status, and a person's special knowledge may be derived from experience as well as study. *Brown v. State,* 245 Ga. 588, 590 (1) (266 SE2d 198) (1980). It is a matter within the sound discretion of the trial judge as to whether a witness has such learning and experience in a particular profession as to entitle him to be deemed prima facie an expert. *Redd v. State,* 240 Ga. 753, 755 (2) (243 SE2d 16) (1978). Thus, it was not error to allow Williams' testimony regarding finger-prints.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 8, 1984.

David E. Perry, William W. Turner III, for appellant.
*Thomas H. Pittman, District Attorney, Arthur W. Leach,*

*Assistant District Attorney,* for appellee.