## 69233. McGOWAN v. THE STATE.
(326 SE2d 805)

POPE, Judge.

Appellant was indicted for the offenses of entering an automobile with intent to commit a theft (Count I), theft by taking (Count II), three counts of forgery in the first degree (Counts III, IV, and V) and contributing to the delinquency of a minor (Count VI). After a trial by jury, a verdict of not guilty was returned on Counts I and VI. Appellant was convicted on Count II as well as all counts of forgery in the first degree.

1. Appellant asserts that the trial court erred in failing to grant his motion for directed verdict of acquittal as to Count I, entering an automobile with intent to commit a theft. However, since appellant was acquitted on that charge, the issue is now moot. *Arnold v. State,* 163 Ga. App. 94 (3) (292 SE2d 891) (1982). See *Smith v. State,* 163 Ga. App. 531 (1) (295 SE2d 208) (1982); *Taylor v. State,* 155 Ga. App. 11 (1) (270 SE2d 213) (1980); *Ferrell v. State,* 149 Ga. App. 405 (1) (254 SE2d 404) (1979).

2. Appellant challenges the admission of expert testimony and evidence of handwriting exemplars based upon his claim that the samples were illegally obtained. After a hearing outside the presence of the jury, the trial court concluded that the handwriting exemplars provided by appellant to police after his arrest were freely and voluntarily given. Because this ruling is supported by the evidence of record, we agree. After appellant's *Miranda* rights were read to him and the purpose of the requested handwriting samples explained, there is evidence to show that appellant not only complied, but he also insisted upon furnishing the samples in hopes that they would establish his innocence. Appellant admitted that no promises were made in return for the exemplars. Additionally, at the time he provided the handwriting samples to the police, appellant signed a form stating: "Samples of my handwriting have been voluntarily furnished. No threats or promises were made to me." See also *Reeves v. State,* 139 Ga. App. 214 (2) (228 SE2d 201) (1976). We find no merit in this enumeration of error.

3. Appellant assigns error to the trial court's instruction to Ms. Shooks, a reluctant State's witness, to answer the questions asked her by the State. This argument is apparently based upon appellant's assertion of Ms. Shooks' privilege against self-incrimination. Pretermitting an examination of any violation of Ms. Shooks' rights is appellant's lack of standing to raise this issue. "The defendant has no standing to raise a question as to the violation of the witness['] rights under the Georgia law, as the privilege is that of the person under examination as a witness." *Wynne v. State,* 139 Ga. App. 355, 358 (228 SE2d 378) (1976). "The privilege against self-incrimination is

that of the person under examination as a witness and is intended for his protection only; the defendant on trial has no standing to raise this issue." *Lively v. State*, 237 Ga. 35, 36 (226 SE2d 581) (1976). No reversible error has been shown.

4. Appellant cites error to the trial court's admission of Ms. Shooks' prior inconsistent statement as substantive evidence. Ms. Shooks had previously been adjudicated as delinquent in juvenile proceedings based upon her part in the incident giving rise to one count of first-degree forgery charged against appellant. At the time of her arrest, Ms. Shooks gave to Elaine Snow, a juvenile court officer, a statement implicating appellant and forming the grounds for his subsequent arrest. At trial, Ms. Shooks proved to be a very reluctant witness for the State. For the most part, Ms. Shooks claimed a lack of recollection as to appellant's part in the offense. The State then laid a proper foundation for use of the statement previously given to Officer Snow who was later allowed to testify before the jury regarding the substance of Ms. Shooks' statement.

Contrary to appellant's assertion, the trial court committed no error in allowing the statement to be admitted and considered as substantive evidence of his guilt. This issue has been decided adversely to appellant in *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982), wherein the Supreme Court held: "[A] prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes." Id. at 862. See *Hanson v. State*, 169 Ga. App. 765 (2) (315 SE2d 278) (1984).

5. Appellant raises the general grounds challenging the sufficiency of the evidence to support his conviction of three counts of forgery in the first degree. This case arises from an incident on July 30, 1982 when three checks (numbers 551, 552 and 553) belonging to Murphy Insurance Agency were stolen from a car parked outside a bowling alley in Rome, Georgia. On the face of each check, the name of the payee and the signature of the maker were filled in; only the amounts and the dates were missing. Each stolen check forms the basis of one count of first-degree forgery for which appellant was indicted and convicted. "A person commits the offense of forgery in the first degree when with intent to defraud he knowingly makes, alters, or possesses any writing in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority *and* utters or delivers such writing." (Emphasis supplied.) OCGA § 16-9-1 (a). With this legal standard in mind, we must examine the evidence presented as to each count to determine the sufficiency of the evidence to support appellant's conviction on all three counts.

As at trial, we will first discuss check number 552, the subject of Count IV. The named payee is Jean Miller, an employee of Murphy Insurance Agency. The date on the check is July 30, 1982, and it is drawn in the amount of $210. Ms. Shooks admitted that she attempted to cash this check at the Walker-Mayes IGA store in Rome, Georgia. In her statement referred to in Division 4, supra, Ms. Shooks told Officer Snow that appellant had stolen the check and filled in the date and the amount. He had asked her to cash the check and had accompanied her to the store to cash it, waiting outside in the parking lot while she went inside. After her unsuccessful attempt, Ms. Shooks became frightened and left the store, leaving the check with the cashier who had gone to have it approved. Appellant and Ms. Shooks then left the store's vicinity together.

Appellant was shown to have forged the date and amount on check number 552. Although Ms. Shooks actually presented the check for cashing, there was sufficient evidence of appellant's participation to also connect him with this element of the crime as a party. The jury was properly charged on the principle of parties to a crime pursuant to OCGA § 16-2-20. We find the evidence sufficient to enable a rational trier of fact to find appellant guilty of forgery in the first degree beyond a reasonable doubt as to Count IV (check number 552). See *Wright v. State*, 165 Ga. App. 790 (1, 6) (302 SE2d 706) (1983); *Smith v. State*, 138 Ga. App. 226 (1) (225 SE2d 744) (1976).

The evidence presented as to Count III, check number 551, showed that the named payee was Gary Wright, also an employee of Murphy Insurance Agency. The date was filled in to read July 30, 1982 and the amount forged was $125. The State's properly qualified handwriting expert testified that in his opinion the forged entries on check number 551, as well as the endorsement in the name of Gary Wright, matched the handwriting exemplars given by appellant. However, the witness to whom the checks had been presented for cashing testified that she could not identify appellant as the one who uttered the check to her. There was no evidence to show that appellant had any connection with uttering or delivering check number 551. "Uttering or delivering the writing is an essential element of forgery in the first degree whereas it is not an element of the lesser degree of forgery [in the second degree]." *Ward v. State*, 123 Ga. App. 216, 217 (180 SE2d 280) (1971). See OCGA §§ 16-9-1 (a) and 16-9-2 (a). Inasmuch as the State failed to prove this essential element of the offense, appellant's conviction of Count III cannot stand and must be reversed. See *Stone v. State*, 166 Ga. App. 245 (3) (304 SE2d 94) (1983).

The same result must obtain as to appellant's conviction of first-degree forgery on Count V, check number 553. The evidence showed that the date, amount and endorsement had been forged. However, contrary to his opinion regarding check number 551, the handwriting

expert testified that in his opinion the forged handwritten entries on check number 553 were not written by appellant. There was also no evidence to show that appellant presented the check. The cashier who accepted and cashed the forged check had no recollection at all of the person who presented it to her. As in Count III, we find the evidence insufficient to support the jury verdict convicting appellant of forgery in the first degree on Count V, check number 553. See *Stone v. State*, supra; *Reeves v. State*, supra at (1).

The verdicts of guilty on Counts III and V are reversed. The verdicts of guilty on Counts II and IV are affirmed.

*Judgment affirmed in part; reversed in part. Banke, C. J., and Benham, J., concur.*

DECIDED FEBRUARY 5, 1985.

*Floyd H. Farless*, for appellant.

*F. Larry Salmon*, District Attorney, *William H. Boggs*, Assistant District Attorney, for appellee.