74070. CARRUTH v. THE STATE.
(358 SE2d 610)

BENHAM, Judge.

Appellant was indicted for and convicted of the offense of forgery in the first degree.

In asserting the general grounds, appellant contends that the State failed to prove (1) that the writing was fictitious; (2) that it was made without authority; and (3) that he intended to defraud. We do not agree.

"A person commits the offense of forgery in the first degree when with intent to defraud he knowingly makes, alters, or possesses any writing in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, at

another time, with different provisions, or by authority of one who did not give such authority and utters or delivers such writing." OCGA § 16-9-1 (a).

Appellant stipulated that he knowingly possessed a particular check drawn on the account of his former employers, and that he uttered the check by depositing it in his account. He was identified as the person charged with the offense. Sam Snider, whose name appeared on the check as one of the signators, testified that it was not his signature on the check, that he did not authorize anyone to sign the check on his behalf, and that the signature purporting to be that of his brother, Ronald E. Snider, was not. Snider also denied any agreement, as sworn to by appellant in explaining the purpose for the check, to compensate appellant for producing a computer program. The company auditor who examined the check testified that the signature of Sam Snider thereon did not look like his signature and that the check appeared "irregular." The jury was able to examine exemplars of Sam Snider's handwritten signature.

Criminal intent is a question of fact which can seldom be proved by direct evidence. OCGA § 16-2-6; *Johnson v. State*, 158 Ga. App. 183 (1) (279 SE2d 483) (1981). We find the circumstances in this case sufficient to authorize a rational trier of fact to determine beyond a reasonable doubt that appellant, with the requisite intent to defraud, possessed and uttered a check purportedly made by another. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Walden v. State*, 173 Ga. App. 478 (1) (326 SE2d 838) (1985).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED APRIL 20, 1987.

*Franklin H. Thornton, Kenneth L. Gordon*, for appellant.
*Arthur E. Mallory III, District Attorney, Agnes T. McCabe, Peter Skandalakis, Assistant District Attorneys*, for appellee.