## A89A1255. FOSTER v. THE STATE.

(387 SE2d 637)

BIRDSONG, Judge.

Joseph Leon Foster appeals from his convictions of two counts of forgery in the first degree. He was sentenced to a ten-year prison term on each count with the sentences to run concurrently. Based upon earlier guilty pleas for financial transaction card theft (6 counts) and forgery in the first degree (3 counts), Foster was also sentenced as a habitual offender.

Appellant bases his appeal on the sufficiency of the State's proof. He alleges error in that the trial court denied his motions for directed verdict of acquittal because the State failed to prove the necessary elements of intent to defraud (enumeration 1) and guilty knowledge (enumeration 2); that the State's evidence was insufficient to justify a guilty verdict (enumeration 3); and that the State failed to prove the necessary elements of uttering and delivering (enumeration 4). *Held*:

1. The State's evidence established that there was a burglary in which a checkbook belonging to Mary J. Harris d/b/a The Report Department for a Citizens & Southern National Bank (C & S Bank) checking account and a check encoder machine were stolen. Two of the checks from that checkbook were cashed at the C & S Bank Riverdale branch office in Clayton County by an Angela Foxworth. Mary J. Harris testified that she was the only one authorized to sign checks on the account, and she did not sign either check cashed. A handwriting examiner testified the same person endorsed both

checks.

The bank teller who cashed the checks testified that the same man and woman cashed both checks at her drive-up window and each time they were in the same car. She also testified that each time they cashed a check she wrote the license tag number of the car they were in on the back of the check. This car was later determined to be registered to appellant's mother. The teller testified that both times the checks and the driver's license used to identify Angela Foxworth were passed to her by the man driving, and that the man received the money from her. She later identified appellant as this man both in a photo line-up and in court.

An investigator for the C & S Bank testified that he interviewed appellant and appellant admitted that one time he drove the car and helped a girl cash a check, but he denied doing so the second time. Appellant also admitted that he saw the checks before when a man showed them to him, but appellant said he pushed the checks away and had nothing else to do with them.

Although couched in part as an attack on the trial court's denial of his motions for directed verdict of acquittal, appellant's appeal is a general attack on the sufficiency of the State's proof. Accordingly, we will first consider that issue.

One "commits the offense of forgery in the first degree when with intent to defraud he knowingly makes, alters, or possesses any writing in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority and utters or delivers such writing." OCGA § 16-9-1 (a). The jury was properly charged on the elements of forgery, the burden upon the prosecution to prove the essential elements of the crime, including the necessary intention to defraud and knowledge, and that the elements could be shown by direct or circumstantial evidence. Further, the trial judge also charged the jury that appellant might be convicted not only as one who committed the crimes charged directly, but as one who aided or abetted another in the commission of the crimes, or as one who advised, encouraged, hired, counseled, or procured another to commit the crime.

On appeal we are required to view the evidence in the light most favorable to the verdict. *Watts v. State*, 186 Ga. App. 358 (366 SE2d 849). Further, our function is not to weigh the evidence, but to determine if the evidence is sufficient that a reasonable trier of fact could have rationally found proof of guilt beyond a reasonable doubt. *Jamison v. State*, 162 Ga. App. 635 (292 SE2d 515).

"To sustain the judgment of conviction, the evidence need not exclude every inference or hypothesis except guilt of the accused, but only reasonable inferences or hypotheses, so as to justify the infer-

ence, beyond reasonable doubt, of guilt. [Cit.] Questions as to reasonableness generally are to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilt is unsupportable as a matter of law. [Cits.]" *Pratt v. State*, 180 Ga. App. 389, 390 (348 SE2d 922).

In this case the State's evidence established that on two occasions, days apart, appellant assisted a female in cashing checks, endorsed by the same person, by driving the female to the bank in his mother's car, giving the checks and the driver's license of Angela Foxworth, the payee and endorser of the check, to the teller, and receiving from the teller the cash from the check. The evidence also showed that appellant told an investigator that he had only done this once, and told the investigator that he saw the checks in the possession of an unidentified man, but refused to have anything to do with the checks.

Criminal intent and knowledge are factual issues which can seldom be proved by direct evidence. See OCGA § 16-2-6 and *Johnson v. State*, 158 Ga. App. 183 (279 SE2d 483). We are satisfied, however, from all the circumstances of this case, including the contradiction between appellant's statement to the investigator and the testimony of the teller regarding appellant's participation in cashing the check the second time and appellant's statement that he refused the checks when he was offered them by some man, that the State's evidence was sufficient to authorize a rational trier of fact to determine beyond a reasonable doubt that appellant had committed forgery in the first degree, including the necessary elements of intent to defraud and knowledge. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Carruth v. State*, 183 Ga. App. 203, 204 (358 SE2d 610). Accordingly, appellant's third and fourth enumerations of error are without merit.

2. " ' "The statutory standard for application by a trial court to decide a motion for a directed verdict of acquittal is '(w)here there is no conflict in the evidence and the evidence with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal' . . ." the court may so direct a verdict. [Cits.] It is not error to refuse to direct a verdict when, "viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." [Cits.]' [Cits.]" *Gaily v. State*, 181 Ga. App. 906, 907 (354 SE2d 442). Therefore, considering the evidence in this case and the inferences which might be drawn therefrom, it was not error to deny appellant's motions for directed verdict of acquittal, and his first and second enumeration of error are also without merit.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 1, 1989.

*Bobby E. Farmer*, for appellant.
*Robert E. Keller, District Attorney, Daniel Cahill, Assistant District Attorney*, for appellee.