## A90A0386. DYOUS v. THE STATE.

(392 SE2d 730)

BANKE, Presiding Judge.

The appellant was charged in a three-count indictment with theft by conversion, making false statements and writings in connection with a matter within the jurisdiction of a governmental agency or political subdivision, and forgery in the first degree. All three charges were based on allegations that she had misappropriated funds belonging to the Sumter County Comprehensive High School at a time when she was employed there as a secretary/bookkeeper. The appellant was convicted of forgery in the first degree and acquitted on the other two charges. She brings this direct appeal from her conviction and sentence.

On July 11, 1988, the appellant prepared for the school principal's signature a check for $357.60, drawn on a school bank account and made payable to Seacoast Supplies, Inc. The appellant took this check home after it was signed by the principal, and it was thereafter deposited into a checking account maintained by her in the name of Ann's Typing Services. The check shows an apparent endorsement by the named payee, but with the account number of Ann's Typing Services. The appellant testified that she did not know how the check came to be deposited into her account. There is no question, however, that the funds represented by the check were credited to her account and appropriated by her to her own use. *Held*:

1. The appellant contends that the trial court erred in refusing to conduct an in-camera inspection of certain tape-recorded interviews which the district attorney had conducted with various individuals, both witnesses and non-witnesses, prior to trial. The district attorney described these as "exploratory interviews," performed while he was "in the analysis phase of the case trying to decide whether the case warranted presentation to the Grand Jury."

Although the appellant's counsel had filed a general *Brady* motion several months earlier, seeking any and all exculpatory information in the possession of the state, his request for an in-camera inspection of the tapes did not come until just before trial. The trial judge denied the motion as untimely, stating that it would take several hours to listen to the tapes and that the appellant had failed to make any showing that they contained any exculpatory information. We find no error. Even accepting the counsel's assertion that he did not learn of the existence of the tapes until the week prior to trial, that does not excuse his having waited until immediately before the commencement of the trial to ask the trial court to conduct a review which would have required several hours to perform.

2. " 'Forgery, like fraud or any other fact, may be proved by circumstantial evidence.' [Cits.]" *Hudson v. State*, 188 Ga. App. 684, 689

(374 SE2d 212) (1988). Viewed in the light most favorable to the verdict, the evidence introduced at trial was sufficient to enable a rational trier of fact to find the appellant guilty of first degree forgery beyond a reasonable doubt. Accord *Gaily v. State*, 181 Ga. App. 906, 907 (1) (354 SE2d 442) (1987). See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. The appellant complains that certain "repeated restrictions of the right to cross-examination cumulatively and individually constitute[d] an undue abridgment of the right of cross-examination provided by law." We have considered each of the instances complained of and have determined that none of them constitutes ground for reversal of the appellant's conviction. "This state does not follow a 'cumulative error' rule of prejudice. Any error of record . . . must stand or fall upon its own merits and is not aided or aggravated by the accumulative effect of other claims of error." *Butler v. State*, 163 Ga. App. 475, 476 (294 SE2d 700) (1982). Accord *Montford v. State*, 168 Ga. App. 394, 397 (6) (309 SE2d 650) (1983).

4. The appellant contends that the court erred in refusing to allow her counsel to read to the jury selected portions of a tape-recorded interview he had conducted with one of the state's witnesses approximately a year before trial, in which the witness had assertedly made statements which were inconsistent with her testimony at trial. See generally OCGA § 24-9-83; *Carter v. State*, 244 Ga. 803, 806 (262 SE2d 109) (1979). The appellant's counsel was in possession of a transcript of the tape, which had evidently been prepared by his secretary. He initially asked the witness to read this transcript aloud in its entirety, but the judge directed her to read it to herself first. After she had done so, defense counsel asked her if her current testimony was consistent with what was in the document. Although the trial transcript reveals merely that the witness nodded her head in response to this inquiry, the parties appear to be in agreement that this nod was a negative one. Defense counsel then sought to introduce the entire transcript into evidence, whereupon the state objected on the ground that it had not been authenticated. The trial court sustained this objection, stating: "Someone will have to take the stand under oath and testify under oath as to what was said. That is the only way that that testimony could be received."

We find no error. The transcript clearly was not self-authenticating and thus was not admissible in the absence of at least some semblance of a showing that it was accurate. See generally *Estes v. State*, 232 Ga. 703, 709 (4) (b) (208 SE2d 806) (1974).

5. We have carefully examined the appellant's remaining enumerations of error and have determined that they establish no ground for reversal.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED MARCH 12, 1990 —
REHEARING DENIED MARCH 26, 1990.

*William J. Murray*, for appellant.
*John R. Parks, District Attorney*, for appellee.