## A93A2545. JOHNSON v. THE STATE.
(438 SE2d 657)

BIRDSONG, Presiding Judge.

Marvin Johnson appeals his judgment of conviction and sentence of one count of forgery in the first degree and one count of forgery in the second degree. OCGA §§ 16-9-1; 16-9-2. His sole enumeration is sufficiency of the evidence. *Held*:

Appellant asserts that the State failed to prove beyond a reasonable doubt that appellant knowingly possessed or uttered any forged instruments with the requisite intent to defraud. Appellant attempted to cash an altered money order at a general store stating that he wanted to buy a case of Sprite. But the clerk refused to cash the money order and handed it back to appellant after observing it was written for $291 but was marked with a punched hole reflecting on its face that it was not valid for more than $20. Both at the time he attempted to cash the money order and at the time of his subsequent detention by the police, appellant was driving his aunt's car. The altered money order was found on appellant; he made a voluntary statement admitting that the money order in his pocket was the one he had attempted to cash. Items found in the glove compartment of

appellant's aunt's car included another money order which appeared to be altered in the same amount of $291 as the one in appellant's pocket, five other money orders in the amount of $1, a vertical lettering guide, a red ballpoint pen, and a bottle of green liquid paper. Appellant testified that a man named Jolt had used appellant's aunt's car for a couple of days; Jolt subsequently gave appellant the money order in question as compensation for allowing Jolt to be transported from Florida to Ashburn, Georgia, in the car and for a past debt; appellant attempted to cash the money order being unaware it had been altered; he was unaware of the other items found in his aunt's car; and several other people as well as Jolt and appellant had been in recent possession of the car.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Although the intent of the accused to defraud has been characterized as the essence of the crime of forgery and must be established by proof beyond a reasonable doubt (*Chambers v. State*, 22 Ga. App. 748, 750 (97 SE 256)), both intent to defraud and knowledge may be proven by direct and/or circumstantial evidence. Compare *Dyous v. State*, 195 Ga. App. 99 (2) (392 SE2d 730); *Foster v. State*, 193 Ga. App. 368, 370 (1) (387 SE2d 637) and *Hudson v. State*, 188 Ga. App. 684, 689 (2) (374 SE2d 212); see OCGA § 16-2-6. Moreover, "[a]n offer to pass a [money order] to another person as a genuine instrument constitutes 'uttering.'" *Hudson v. State*, supra at 689. "'There must be a representation of genuineness but acceptance is not necessary.'" (Citations omitted.) *Gordon v. State*, 206 Ga. App. 450, 454 (3) (425 SE2d 906). Representation of genuineness is a factual issue likewise capable of proof by circumstantial evidence. See OCGA §§ 24-1-1 (3), (4); 24-4-9. Thus, forgery and each individual factual element thereof are capable of proof by direct and/or circumstantial evidence. *Dyous*, supra; *Hudson*, supra.

To support the verdict, circumstantial evidence must only exclude reasonable hypotheses; it need not exclude every inference or hypothesis except that of defendant's guilt. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662). Viewing the direct and circumstantial evidence of this case in a light most favorable to the verdict, we conclude that the jury rationally could have found that it excluded every reasonable hypothesis except that of defendant's guilt. Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 29, 1993.

*Jesse W. Owen,* for appellant.

*C. Paul Bowden, District Attorney, Gary C. McCorvey, Melinda I. Ryals, Assistant District Attorneys,* for appellee.