## A01A0829. FLOYD v. THE STATE.
(553 SE2d 658)

MILLER, Judge.

Kenneth Floyd appeals from his convictions on one count of forgery in the first degree and one count of forgery in the second degree. We find that the evidence was insufficient to sustain a verdict on first degree forgery and reverse that conviction. We find that the evidence was sufficient to sustain the conviction on second degree forgery and affirm that conviction.

Viewed in the light most favorable to the verdict, the record reveals that on April 23, 1999, two men drove a white car with a black top into a drive-through lane at a First South Bank in Newnan. Although all of the drive-through lanes were open, the men drove into the third drive-through lane, which was farthest from the teller window, which made it difficult for the teller to see the men in the car. The teller believed that the men were acting suspiciously, as every time she tried to speak to them they looked away and concealed themselves from the teller.

The driver sent a check through the suction tube to the window teller that was made payable to Keith Peters and drawn on the account of The Bonnett Group, Inc. The check was signed in the name of Clint Williams. The bank teller suspected that the check was a forgery, as she had been warned previously by the bank manager about fraudulent checks that had been submitted to the bank in the recent past and made out in the name of Keith Peters. The teller informed the bank manager of the suspected forgery, and as the teller continued the transaction with the men cashing the check, bank personnel called the police.

The police arrived on the scene just as a white car with a black top matching the description given by bank personnel was leaving the bank. As the police surrounded the car, they saw the passenger hold up a newspaper and begin stuffing some sort of paperwork between the door and the door panel on the passenger side of the car with his right hand. The police pulled the car over and, after concluding that the two men in the car were the suspects from the bank forgery, arrested them for forgery. Kenneth Floyd was the driver, and Douglas Gregory Mooney was the passenger. A search of the car revealed several checks stuffed into the space between the passenger door and the door panel, one of which was a check drawn on the account of The Bonnett Group, Inc., similar to the one that had just been cashed at First South Bank moments earlier.

The accusation against Floyd upon which he was convicted of first degree forgery stated that he made the fraudulent check that was passed at First South Bank. The accusation against Floyd for second degree forgery stated that he knowingly possessed the check

that was stuffed between the passenger door and door panel of his car. Both accusations listed The Bonnell Group, Inc., as opposed to The Bonnett Group, Inc., as the victim of the forgeries.

Handwriting analysis by the police department failed to show that it was Floyd who signed the check passed at First South Bank. The State further provided no expert witness to show any comparison between the handwriting on the check and Floyd's handwriting. Following the denial of his motion for a directed verdict on both counts of forgery, Floyd was convicted on both counts.

1. A directed verdict is proper "[w]here there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal or not guilty as to the entire offense or to some particular count or offense. . . ."[1]

> [T]he evidence must be viewed in the light most favorable to the verdict, and the appellant (defendant here) no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. . . . As long as there is some competent evidence . . . to support each fact necessary to make out the State's case, the jury's verdict will be upheld.[2]

Floyd contends that based on the manner in which the State chose to proceed, there was insufficient evidence to convict him of first degree forgery. We agree and reverse the conviction.

> A person commits the offense of forgery in the first degree when with intent to defraud he knowingly makes, alters, or possesses any writing in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority and utters or delivers such writing.[3]

---

[1] (Punctuation omitted.) OCGA § 17-9-1 (a).

[2] (Citations and punctuation omitted.) *Grier v. State*, 218 Ga. App. 637, 638 (1) (463 SE2d 130) (1995).

[3] OCGA § 16-9-1 (a).

Although there are several ways to prove forgery in the first degree, the accusation states that Floyd:

> did . . . unlawfully with intent to defraud, knowingly make a certain writing, [a check] drawn on the account of THE BONNELL GROUP, INC. [sic] at First South Bank; in such a manner that the writing as made purports to have been made by Clint Williams, but the signature thereon is not Clint Williams's signature and not signed with Clint Williams's and The Bonnell Group, Inc.'s [sic] authority, and said accused did utter said writing to First South Bank, contrary to the laws of said State, the good order, peace and dignity thereof.

The accusation does not state the alternative means of altering or possessing a writing and uttering or delivering same as additional bases for a conviction of forgery in the first degree.

> If the indictment[4] sets out the offense as done in a particular way, the proof must show it so, or there will be a variance. . . . [N]o averment in an indictment can be rejected as surplusage which is descriptive either of the offense or of the manner in which it was committed. All such averments must be proved as laid, or the failure to prove the same as laid will amount to a variance.[5]

"To permit the prosecution to prove that a crime was committed in a wholly different manner than that specifically alleged in the indictment would subject the accused to unfair surprise at trial and constitute a fatal variance under the standards enunciated in *De Palma v. State*."[6]

The State presented no evidence that Floyd signed the check that was passed at First South Bank. There was no handwriting expert at trial to connect Floyd's handwriting to the signature on the check. In addition, handwriting analysis conducted by the police failed to show any connection between the forged check and Floyd.

> It is of no consequence that the state's evidence may have showed and may have authorized a finding that, in violation

---

[4] Since both an indictment and accusation serve the same purpose, our analysis with respect to the accusation in this case is the same as it would be in the case of an indictment.

[5] (Citation and punctuation omitted.) *Cantrell v. State*, 162 Ga. App. 42, 43 (1) (290 SE2d 140) (1982).

[6] (Citations and punctuation omitted.) Id.; *De Palma v. State*, 225 Ga. 465, 469 (169 SE2d 801) (1969).

of [OCGA § 16-9-1 (a)], appellant knowingly possessed the check containing the forged endorsement of [Clint Williams]. . . . The indictment alleged that appellant had violated [OCGA § 16-9-1 (a)] by forging the endorsement of [Clint Williams].[7]

As such, we must reverse Floyd's conviction for first degree forgery.

However, we find that the evidence was sufficient to sustain a guilty verdict for second degree forgery. The elements for proving second degree forgery are the same as those for first degree forgery, except that there is no requirement that the accused utter or deliver the writing.[8] Floyd contends that there was insufficient evidence to show that he knowingly possessed the forged check that was found stuffed between the door and the door frame on the passenger's side of the car, since he did not stuff the check into the door frame and the passenger held up a newspaper to obscure his view. We disagree.

"[F]orgery and each individual factual element thereof are capable of proof by direct and/or circumstantial evidence. To support the verdict, circumstantial evidence must only exclude reasonable hypotheses; it need not exclude every inference or hypothesis except that of defendant's guilt."[9] Viewed in the light most favorable to the verdict, the evidence at trial revealed that the check found in the passenger door was drawn on the account of The Bonnett Group, Inc., just like the one that had just been submitted to First South Bank moments earlier. Floyd was the driver of the car in which the second Bonnett Group, Inc. check was found, and it was the driver who had previously submitted the other forged Bonnett Group, Inc. check to the bank while attempting to conceal his identity from the teller. We conclude that based on the evidence, the jury rationally could have excluded every reasonable hypothesis other than defendant's guilt and found Floyd guilty of second degree forgery beyond a reasonable doubt.[10]

2. Floyd also contends that a fatal variance existed between the accusation and the State's proof at trial, since the accusation listed The Bonnell Group, Inc., as opposed to The Bonnett Group, Inc., as

---

[7] (Citations and punctuation omitted.) *Cantrell*, 162 Ga. App. at 43 (1).

[8] See OCGA § 16-9-2 (a); *McGowan v. State*, 173 Ga. App. 438, 440 (5) (326 SE2d 805) (1985).

[9] (Citations and punctuation omitted.) *Johnson v. State*, 211 Ga. App. 151, 152 (438 SE2d 657) (1993).

[10] See id. at 151-152 (evidence supported second degree forgery conviction where defendant denied knowledge of checks found in glove compartment that were similar to a check he had earlier attempted to cash).

the victim of the forgeries for which he was convicted.[11] Since Floyd did not raise this challenge in a timely manner and the variance was only a typographical error, we affirm.

A challenge to the form of an indictment, such as an improper identification of the victim,[12] must be made prior to trial.[13] If the challenge is not made in a timely manner, it is waived for appeal.[14] Floyd did not raise any issue regarding the misnomer in the accusation until his motion for a directed verdict at trial, and he has therefore waived this issue on appeal.

Even if the issue had not been waived, we find no fatal variance here. This court will not find a fatal variance based on something that "was obviously a clerical error in an otherwise good indictment."[15] The accusation was easily amendable,[16] provided sufficient information to inform Floyd of the crime with which he was charged, the date of the alleged offense, the amount of the check in question, and enough information to ensure that Floyd could not be prosecuted again for the same offense.[17]

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 8, 2001 —
RECONSIDERATION DENIED AUGUST 24, 2001.

*Fanning & Hudson, Steven E. Fanning*, for appellant.
*Peter J. Skandalakis, District Attorney, Raymond C. Mayer, Assistant District Attorney*, for appellee.

---

[11] In light of our reversal of Floyd's conviction for first degree forgery, we need address this issue only with respect to the accusation for second degree forgery.

[12] See *Dennard v. State*, 243 Ga. App. 868, 876-877 (2) (534 SE2d 182) (2000).

[13] OCGA § 17-7-113.

[14] *Arena v. State*, 194 Ga. App. 883, 887 (4) (392 SE2d 264) (1990).

[15] Id.

[16] Id.

[17] See, e.g., *McBride v. State*, 202 Ga. App. 556, 557 (415 SE2d 13) (1992).