## A11A1228. FOSTER v. THE STATE.
### (714 SE2d 748)

MIKELL, Judge.

After a jury trial, Russell Foster was convicted of committing second-degree forgery and tampering with evidence, and was sentenced to two years to serve and ten years on probation. Foster appeals the trial court's denial of his motion for new trial, contending that the evidence was insufficient to sustain his conviction. We find no reversible error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt of the charged offense.[1]

Viewed in the light most favorable to the verdict, the evidence reveals that co-defendant Anderson Terrell entered a bank in Newton County and attempted to pass a forged check. Terrell was approached inside by an officer, whom he told that he had been given a moving job, and had been dropped off to cash a check for payment in case the job ran late. He described the vehicle, an older brown van, that had driven him to the Newton County bank. Law enforcement quickly located the van and performed a traffic stop. Foster was a

---

[3] *Jackson v. Virginia*, supra; accord *Driscoll v. State*, 295 Ga. App. 5, 7-8 (1) (b) (670 SE2d 824) (2008).

[1] *Davis v. State*, 264 Ga. App. 128, 130 (1) (589 SE2d 700) (2003); see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

passenger in the van, which was driven by co-defendant William Williams. As the traffic stop was initiated, Foster was seen throwing something out of the vehicle, which was later recovered and discovered to be a plastic bag containing an envelope with a check made out to Foster on the account of the City of Social Circle. That check was also a forgery.

Foster was arrested and taken to the Covington Police Department where he was read his *Miranda* warning. Foster waived his rights under *Miranda* and gave an audio statement to Captain Craig Treadwell. During the interview, Foster testified that a man named "Vette" from his neighborhood asked him if he wanted "to make some money," and Foster got into the car with him. Foster went on to explain that Vette drove him around town before meeting Williams, who fed him two meals and put him up in a hotel for a night before he was driven to the Newton County bank. In this audio statement, which was played for the jury, Foster admits throwing the envelope out the window at the direction of the driver, but never admits knowledge of the contents of the envelope.

1. Foster contends the evidence was not sufficient to enable a rational trier of fact to find him guilty beyond a reasonable doubt of the offense of forgery in the second degree because the state failed to prove the statutory knowledge requirement. We disagree.

OCGA § 16-9-2 (a) provides that a person commits the offense of forgery in the second degree

> when with the intent to defraud he *knowingly* makes, alters or possesses any writing in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority.

(Emphasis supplied.)

Knowledge may be proved by circumstantial evidence.[2] To support a verdict, the circumstantial evidence must exclude other reasonable hypotheses, but it need not exclude every inference or hypothesis except that of defendant's guilt.[3] Foster asserts that he was unaware of the contents of the envelope when he complied with the driver's request to throw it out the window once the traffic stop

---

[2] *Nelson v. State*, 302 Ga. App. 583, 584 (1) (691 SE2d 363) (2010); see also *Johnson v. State*, 211 Ga. App. 151, 152 (438 SE2d 657) (1993) ("[F]orgery and each individual factual element thereof are capable of proof by direct and/or circumstantial evidence.") (citations omitted).

[3] *Johnson,* supra.

was instigated. Foster argues that it is a reasonable inference that he was a victim of a common scam described during trial by Officer Seabolt, one of the arresting officers, where a scout identifies poor or homeless individuals with identification for use in fraudulent check cashing schemes, such as the one at issue in this case. However, we find the circumstances in the case sub judice (including evidence that Foster got into the van after being asked if he wanted to make some money, that he accepted two meals and a night in a hotel from Williams and that he threw the envelope containing the forged check out the van window as the traffic stop was being instigated) sufficient to authorize a rational trier of fact to determine beyond a reasonable doubt that Foster knowingly possessed the forged check with the intent to defraud.[4]

2. Foster next contends that his tampering with the evidence conviction must be reversed because the state failed to prove the element of intent as required by OCGA § 16-10-94 (a). That Code section provides:

> A person commits the offense of tampering with evidence when, with the *intent* to prevent the apprehension or cause the wrongful apprehension of any person or to obstruct the prosecution or defense of any person, he knowingly destroys, alters, conceals or disguises physical evidence or makes devises, prepares, or plants false evidence.

(Emphasis supplied.) Although there is not a presumption that Foster acted with criminal intent, the jury was entitled to "find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which [Foster was] prosecuted."[5] The intent with which an act is done is

> peculiarly a question of fact for determination by the trier of fact and even when a finding that the accused had the intent to commit the crime charged is supported by evidence which is exceedingly weak and unsatisfactory the verdict will not be set aside on that ground. Intent, which is a mental

---

[4] *Floyd v. State*, 251 Ga. App. 346, 349 (1) (553 SE2d 658) (2001) (Conviction for second degree forgery affirmed when the evidence showed that check stuffed into passenger door of defendant's automobile was drawn on the same account as forged check cashed by defendant shortly before), compare *Nelson*, supra at 585 (1) (Evidence was insufficient to support defendant's conviction for second degree forgery when it revealed only that defendant merely possessed a counterfeit bill, but did not prove intent to defraud).

[5] OCGA § 16-2-6.

attitude, is commonly detectible only inferentially, and the law accommodates this.[6]

Thus, the evidence that Foster threw the envelope containing the forged check out the van window as soon as the traffic stop was instigated was sufficient for the jury to infer that he had the requisite intent to commit the crime of tampering with the evidence.[7]

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED JULY 22, 2011.

*Albert P. Hopkins III*, for appellant.
*Layla H. Zon, District Attorney, Warren S. Summers, Sr., Assistant District Attorney*, for appellee.

---

[6] (Citation and punctuation omitted.) *House v. State*, 306 Ga. App. 154, 155 (701 SE2d 606) (2010).

[7] *Taylor v. State*, 260 Ga. App. 890, 891 (1) (b) (581 SE2d 386) (2003) (Evidence that defendant reached onto pool table and tried to slide a bag of marijuana into pool table pocket was sufficient to support conviction for attempting to tamper with evidence).